McClelland *v.* The Mayor and Council of Marietta.

96 749
h111 548

Lumpkin, J.—This case is controlled by the decision of this court in *Wrought Iron Range Co. et al.* v. *Johnson, ordinary, et al.,* 84 *Ga.* 754. March 25, 1895. Brought forward from the last term.    *Judgment reversed.*

*Certiorari.* Before Judge Gober. Cobb superior court. November term, 1893.

By ordinance of the city of Marietta, "No person, either for himself or another, shall take or solicit orders for any article of merchandise whatever, within the corporate limits of said city, without first obtaining a license from the mayor therefor," under penalty named, "providing nothing in this or the preceding section shall be construed to require persons belonging to that class familiarly known as drummers, who only solicit wholesale orders from dealers, to obtain a license from the mayor." The plaintiff in error was convicted before the mayor of violating this ordinance by doing business within the city without license. By *certiorari* he alleged that said judgment was contrary to evidence and to law. The *certiorari* was overruled.

It appeared that plaintiff in error, a resident of Ohio, had solicited and taken orders from persons in Marietta for shirts and underwear, to be filled by Eshelman & Craig, a corporation of Philadelphia, Pennsylvania, of which company plaintiff in error was agent. This company sells shirts and underwear manufactured at its works in Philadelphia. Its goods are sold by its agents by samples, throughout the United States. It furnishes each agent with samples, and the agent exhibits these samples and takes orders for the company for the purchase of such articles, and transmits the order to the company at its place of business, and the company fills the order from its home office, and delivers the goods as the orders are taken; but in no case does the agent

sell or deliver the samples entrusted to him. The company has no place of business in Georgia. Sometimes, when it has several purchasers at one point, it sends the goods to one customer and notifies the others to call on that one for them, allowing him fifteen cents per package for delivery. The agent is done with an order when he takes it and forwards it to the company, and has nothing to do with the delivery of the goods.

J. Z. FOSTER, for plaintiff in error.

ENOCH FAW, contra.